# UNITED STATES DISTRICT COURT

# DISTRICT OF MAINE

| | |
|---|---|
| **VIRGINIA ARIDAS,** *as Personal Representative for the Estate of Vernon Inman,* | ) ) ) ) |
| AND | ) ) |
| **EDWARD ANCHEL,** *as Personal Representative for the Estate of William Aridas,* | ) ) ) ) ) |
| AND | ) ) |
| **FAYE ABBOTT,** *as Personal Representative for the Estate of Harlan Abbott,* | ) ) ) ) ) |
| PLAINTIFFS | ) ) |
| v. | ) ) |
| **ROYAL INSURANCE COMPANY OF AMERICA,** | ) ) ) |
| DEFENDANT | ) |

CIVIL NO. 06-19-P-H

## MEMORANDUM DECISION ON CROSS-MOTIONS FOR SUMMARY JUDGMENT

The issue in this case is whether an insurance policy covers damages that occurred when three individuals died in an airplane crash. The policy language excludes liability for bodily injury "arising out of" "use" of an "aircraft." I conclude that the insurance policy does not cover the damages.

Personal representatives of the three deceased passengers brought a lawsuit in state court. They sued seven defendants, including two defendants who had coverage with Royal Insurance Company of America ("Royal"). Royal refused to defend its insureds. The state court issued judgment against the two insureds, but provided that damages could not be collected from the insureds but only from their insurer, Royal. Pls.' Statement of Material Facts ("Pls.' SMF"), Ex. 7 (Docket Item 16). Later arbitration established the amount of the damages, and that amount was entered as a judgment in the state court lawsuit against the insureds. Pls.' SMF, Ex. 8. The personal representatives then brought this lawsuit against Royal in the Maine Superior Court. Royal removed the case to federal court. The personal representatives are using Maine's Reach and Apply statute, 24-A M.R.S.A. § 2904, in their effort to recover directly from Royal under the policy.

The question before me is not whether Royal had a duty to defend, but whether it has a duty to indemnify. (The plaintiffs argue that because Royal had a duty to defend and violated it, certain presumptions shift against Royal, but presumptions do not control this decision.) All parties have moved for summary judgment. There are no genuine issues of material fact. I base my decision on the documents the plaintiffs attach to their Statement of Material Facts.

According to the underlying complaint against the insureds in state court, the plaintiffs' damages arose out of an airplane crash. See Compl. ¶ 20 ("serious

2

personal injuries as a result of the airplane crash, which ultimately caused their deaths"); id. ¶ 32 ("death of the [three] was a direct and proximate result of the plane referred to above crashing on September 14, 2003"); id. ¶ 33 (same for injuries, medical expenses, pain and suffering, and funeral expenses); id. ¶ 48 (same).  Pls.' SMF, Ex. 5.

The Royal insurance policy explicitly excludes from coverage bodily injury (defined to include death):

> h. Arising out of:
>> (1) The ownership, maintenance, use, loading or unloading of an aircraft;
>> (2) The entrustment by an "insured" of an aircraft to any person; or
>> (3) Vicarious liability, whether or not statutorily imposed, for the actions of a child or minor using an aircraft.
>
> An aircraft means any contrivance used or designed for flight, except model or hobby aircraft not used or designed to carry people or cargo[.]

Section II – EXCLUSIONS ¶ 1.  Pls.' SMF, Ex. 2.  An umbrella policy has the same exclusion.  EXCLUSIONS ¶ 5.  Pls.' SMF, Ex. 3.

It could not be clearer that the complaint against the insureds claimed damages arising out of use of an aircraft, explicitly excluded from coverage.  The use caused the crash; the crash caused the injuries, expenses and deaths.  Judgment was entered accordingly on the underlying lawsuit.

The plaintiffs make the following arguments to support their argument for coverage despite the explicit exclusionary language.  "The [insureds] deny any connection with airplanes. . . .  As the judgment is possibly based on a liability

3

theory unrelated to airplanes, this reach-and-apply action must be determined in favor of the Plaintiffs. . . . Here, the actions of [the insureds] had nothing to do with the airplane and accordingly the exclusion does not apply to them." Mot. for Summ. J. with Inc. Mem. at 7-8 (Docket Item 16).  Alternatively, "[t]he underlying complaint alleged that the [insureds] breached their 'duty to exercise reasonable care in the leasing of the camps . . .'" Reply Mem. in Support of Pls.' Mot. for Summ. J. at 3 (Docket Item 22).  "The [insureds] also were alleged to have been negligent in the hiring and supervision of the pilot." Id.  "The underlying Oxford County lawsuit included allegations of negligence in the hiring and supervision of the airplane's pilot; negligence in the leasing of the camps; and liability for joint enterprise."  Pls.' Opp'n to Def.'s Mot. for Summ. J. at 1-2 (Docket Item 18) (citations omitted).  None of these assertions can avoid the fact that all the injuries, damages and deaths were caused by an airplane crash. Whatever may have been the insureds' responsibility for circumstances that led up to that crash, the damages undeniably arise out of the use of an aircraft.  There is, therefore, no coverage.[1]

The defendant's motion for summary judgment is **GRANTED**.  The plaintiffs' motion for summary judgment is **DENIED**.

---

[1] I find it unnecessary to resolve the parties' argument over whether an exclusion for business pursuits also applies.

4

**SO ORDERED.**

**DATED THIS 9TH DAY OF NOVEMBER, 2006**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**